Wheeler, J.,
did not sit in this case.
LipscOMB, J. This case was before the court on a former trial between these parties, and the judgment was reversed and the case remanded to the court below for a new trial. (2 Tex. R., 232.) There lias been another trial, and the cause brought up again by a writ of error. In the former trial the error relied upon was the refusal of the court to admit this draft in evidence, and on that assignment of error we reversed the judgment, ruling that it was admissible as evidence of payment when offered by the defendant, upon whom it had been drawn, and we expressly ruled that, under the circumstances, it was prima facie evidence of payment. If prima facie evidence is not explained and rebutted it must be taken as true. We believe that the question of law now presented was fully discussed and decided upon in our former decision, and we do not feel ourselves again called upon to reiterate the grounds upon which that decision was predicated. We were, perhaps, not sufficiently explicit, and may not have been correctly understood, in discussing the manner in which the presumption in the defendant’s favor arising from his possession might be rebutted, and should have said, that if this presumption had been controverted by other evidence, that the fact of the defendant’s not showing to whom lie had paid the order might be a presumption against him; and if it had been in proof by the plaintiff that, according to the course of business, it was not an unusual tiling to leave such orders in the hands of the person on whom it had been drawn, or any other testimony going to rebut the presumption that the failure of the defendant to show to whom payment had been made, would be a circumstance calculated to weaken the presumption arising from his possession of the order; but until some such evidence, calculated to weaken the presumption of payment, lias been offered the defendant cannot be called upon to fortify it by additional proof. If it had been the intention of the maker of tlie order lo liegotiate this order after its acceptance it would have been more business like to have made it payable to his own order, and only indorsed it when lie had.negotiated it; and it is not believed to be the custom of those dealing in such paper to leave an order like the one we have been considering in the hands of the person upon whom it is drawn, and if so done lie should be prepared to show by proof that it had been so left without payment.
The judgment must be reversed and the cause remanded for a new trial.
Reversed and remanded.